UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

UNITED STATES OF AMERICA,        )
                                 )
                                 )
                                 )
v.                               )        Criminal No. 19-10345-DPW
                                 )
DANA A. PULLMAN and              )
ANNE M. LYNCH,                   )
                                 )
         Defendants.             )
_____)

ORDER ON DANA A. PULLMAN'S MOTION FOR CLARIFICATION AND
ANNE M. LYNCH'S MOTION TO MODIFY CONDITIONS OF RELEASE
[Docket Nos. 15, 26]

November 6, 2019

Boal, M.J.

On August 21, 2019, defendants Dana Pullman and Anne M. Lynch appeared before the undersigned for an initial appearance.  At that time, I released them on conditions, including that they avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including each other (except in the presence of counsel) and potential witnesses to be identified by the government.  See Docket No. 9 at 2, Docket No. 11 at 2.  The government subsequently provided defense counsel with a list of over fifty-one individuals it believes are potential witnesses and the defendants should therefore be prohibited from contacting.  Docket No. 15 at 2; Docket No. 26 at 2.

Included in the list of potential witnesses were Michael Sullivan and Tim Gillespie, two close friends of Pullman, whom he has known for over thirty years.  Pullman has moved to amend his conditions of release to clarify that he may maintain contact with Michael Sullivan and Tim Gillespie, but that he may not discuss this case with them.  Docket No. 15 at 3.

1

In addition, the list included E.K., a long-time close friend of defendant Lynch.  Lynch has also moved to modify her conditions of release to permit her to maintain contact with E.K. while this matter is pending on matters other than the investigation or prosecution of this case. Docket No. 26 at 3.

At this stage of the proceedings, the defendants are entitled to a presumption of innocence.  <u>See</u> 18 U.S.C. § 3142(j).  In addition, under the Bail Reform Act, I am to impose "the least restrictive[] condition, or combination of conditions" that will "reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community."  18 U.S.C. § 3142(c)(1)(B).  While restriction on contact with some individuals prior to trial is appropriate, the breadth in terms of the number of individuals is extremely large. The defendants have asked for a reasonable modification.  Requiring the defendants to terminate decades-long personal relationships, as described in the papers before the Court, does not satisfy the statutory objectives.  Accordingly, I grant the defendants' motions and order that Pullman may have contact with Michael Sullivan and Tim Gillespie and Lynch may have contact with E.K., but they may not discuss this case with them.

**So Ordered**.

     /s/ Jennifer C. Boal
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE