UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 19-10345-DPW

UNITED STATES OF AMERICA

v.

DANA A. PULLMAN, et al.

### ORDER ON EXCLUDABLE TIME

November 6, 2019

Boal, M.J.

Upon consideration of the government's assented-to motion for an order of excludable delay, this Court finds as follows:

1. A continuance of this proceeding from November 5, 2019, through and including January 14, 2020, which is the date of the next status conference, is necessary to ensure that counsel for the defendant and the defendant have sufficient time to review discovery, investigate the evidence, and to evaluate the need for, and to prepare, any pretrial motions. I find, given the specific circumstances in this case, that this continuance constitutes "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

2. The ends of justice served by granting the continuance from November 5, 2019, through and including January 14, 2020, outweigh the best interests of the public and the defendants for a trial within seventy days of filing date (and making public) of the indictment pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

Accordingly, the Court hereby grants the motion and ORDERS that the period from November 5, 2019, through and including January 14, 2020, be excluded from the Speedy Trial Act computation of the time within which trial in the case must begin, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv).[1]

       /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge.  The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).