UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>DANA A. PULLMAN and<br>ANNE E. LYNCH,<br>　　　　　　　Defendants | Criminal No.: 19-CR-10345-DPW |

## **STIPULATED DISCOVERY PROTECTIVE ORDER**

Pursuant to Federal Rule of Criminal Procedure 16(d), the government submits, and the defendants do not contest, that good cause exists for the following Protective Order to govern discovery in this case. Nothing in this Order shall limit the ability of the parties to seek modifications of this Protective Order in the future.

1. The government may designate as "Sensitive" certain materials it produces in discovery, whether pursuant to the Federal Rules, the Local Rules, or on a voluntary basis. Materials so designated are hereafter referred to as "Sensitive Materials."

    a. "Sensitive Materials" shall mean information, documents, and things the government believes in good faith is not generally known to others, and which the government (i) would not ordinarily reveal to third parties except in confidence, or (ii) believes in good faith is protected by a rights of privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

    b. To designate a document containing sensitive information as Sensitive, the government will mark the document "Sensitive Pursuant to Protective Order".

2. The term "Defense Team" shall include attorneys of record; attorneys and support staff at the same office as the attorneys of record; and investigators, experts, and other individuals

retained to participate in the defense of a named defendant by attorneys of record. The Defense Team shall not include any defendant or family member of a defendant. The Defense Team is limited to attorneys and agents representing a defendant in this case and does not extend to attorneys or agents representing a defendant in any other case or in any other federal, state, or local court.

3. If an attorney of record wishes to share Sensitive Materials with other members of the Defense Team, each attorney of record shall first provide a copy of this Protective Order to the member of the Defense Team with whom Sensitive Materials are intended to be shared and have each member of the Defense Team sign the "Agreement to Be Bound By Protective Order" attached hereto as Exhibit "A".

4. If an attorney of record wishes to share Sensitive Materials about any witness or potential witness ("witness") in this case, each attorney of record shall first provide a copy of this Protective Order to the witness with whom Sensitive Materials are intended to be shared and have each witness sign the "Agreement to Be Bound By Protective Order" attached hereto as Exhibit "A".

5. If an attorney of record wishes to share Sensitive Materials with any defendant or defendant's spouse in this case, each attorney of record shall first provide a copy of this Protective Order to the defendant or defendant's spouse with whom Sensitive Materials are intended to be shared and have defendant and/or defendant's spouse sign the "Agreement to Be Bound By Protective Order" attached hereto as Exhibit "A".

6. Except as set forth in paragraphs 7 through 13 below, Sensitive Materials shall be accessed, reviewed, and/or copied only by members of the Defense Team.

7. The Defense Team shall maintain Sensitive Materials in accordance with this Agreement, and Sensitive Materials shall be used by the Defense Team solely and exclusively in connection with the litigation and trial of this case and any related appeal.

8. The Defense Team shall not provide any copies of any Sensitive Materials to the defendants, except Sensitive Materials containing a defendant's own sensitive information. The defendants in this case are permitted to review Sensitive Materials pertaining to each other, to any witnesses, and to any federal agents (if any), provided it is done so in the presence of a Defense Team member who has agreed to be bound by this Protective Order. Under no circumstances shall any member of the Defense Team leave any Sensitive Materials alone with the defendant, except Sensitive Materials containing a defendant's own sensitive information, even for a limited period of time, absent an Order to do by this Court.

9. Defendants are not permitted to maintain any Sensitive Materials or copies of Sensitive Materials absent an Order of this Court, except that each defendant may maintain copies of Sensitive Materials designated as containing his/her own sensitive information and, in Defendant Pullman's case, his spouse's sensitive information. Defendant Pullman's spouse is not permitted to maintain any Sensitive Materials or copies of Sensitive Materials absent an Order of this Court, except that Defendant Pullman's spouse may maintain copies of Sensitive Materials designated as containing her own sensitive information or Defendant Pullman's sensitive information.

10. Defendants reviewing Sensitive Materials pertaining to their co-defendant shall be permitted to take notes of Sensitive Materials for the limited purpose of consulting with their Defense Team and/or preparing their defense. However, any distribution, copying, or mailing of notes of Sensitive Materials pertaining to a co-defendant to individuals outside the Defense Team

shall be viewed as a violation of this Protective Order (and, depending on the nature and circumstances of the violation, may constitute obstruction of justice).

11. Defendants reviewing Sensitive Materials pertaining to any witness or federal agent (if any) shall be permitted to take notes of Sensitive Materials for the limited purpose of consulting with their Defense Team and/or preparing their defense. However, any distribution, copying, or mailing of notes of Sensitive Materials pertaining to any witness or federal agent (if any) to individuals outside the Defense Team shall be viewed as a violation of this Protective Order (and, depending on the nature and circumstances of the violation, may constitute obstruction of justice).

12. The Defense Team shall not provide any copies of any Sensitive Materials to a witness, except Sensitive Materials containing a witness's own sensitive information, provided it is done so in the presence of a Defense Team member who has agreed to be bound by this Protective Order. Witnesses in this case are not permitted to review Sensitive Materials pertaining any defendant or other witness or federal agent (if any). Under no circumstances shall any member of the Defense Team leave any Sensitive Materials alone with any witness, except Sensitive Materials containing a witness's own sensitive information, even for a limited period of time, absent an Order to do by this Court.

13. Witnesses are not permitted to maintain any Sensitive Materials or copies of Sensitive Materials absent Order of this Court, except that any witness may maintain copies of Sensitive Materials designated as containing her/his own sensitive information.

14. Any Sensitive Materials that are filed with the Court in connection with pre-trial motions, trial, sentencing, or other matters before this Court shall be filed under seal and shall remain sealed until otherwise ordered by this Court. The parties shall comply in all respects with


the relevant Federal Rules of Criminal Procedure and Local Rules pertaining to the sealing of court documents.

15. Violation of this Protective Order may be subject to sanction. The determination of sanctions lies within the discretion of the appropriate judicial officer. Absent further Order of the Court, the terms of this Protective Order shall continue to be in effect and binding following the termination of the case.

16. In the event defense counsel of record contend that any document or information produced pursuant to this Protective Order should not be covered thereunder, defense counsel of record shall notify the government in writing of the document or information and stated reasons why the document or information should not be covered by the Protective Order. If the parties are unable to reach agreement, defense counsel of record reserve the right to file a motion for relief from this Protective Order with the Court as to the document or information at issue. Defense Counsel of record further reserve the right to seek the Court's permission to disclose Sensitive Materials or to otherwise request modification of this Protective Order.

SO STIPULATED:

    ANDREW E. LELLING
    United States Attorney

By:   */s/Kristina E. Barclay*
    Kristina Barclay
    Assistant U.S. Attorney


    DANA A. PULLMAN
    Defendant

By:   */s/Oscar Cruz*
    Oscar Cruz
    Counsel for Dana A. Pullman

      ANNE M. LYNCH
      Defendant

By:    */s/Scott Lopez*
       Scott Lopez
       Counsel for Anne M. Lynch

Dated: December 12, 2019

**IT IS SO ORDERED.**

_____
Honorable Jennifer C. Boal
United States Magistrate Judge
Dated: _____

# **EXHIBIT "A"**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") entered in *United States v. Pullman, et al.,* Criminal Number 19-CR-10345-DPW.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Address: _____

Dated: _____

_____
Signature