UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-cr-10345-DPW |
| | ) | |
| DANA A. PULLMAN, and | ) | |
| ANNE M. LYNCH, | ) | |
| | ) | |
| Defendants | ) | |

## JOINT MEMORANDUM FOR INTERIM STATUS CONFERENCE

The parties submit this joint memorandum addressing the issues set out in Local Rule 116.5(b).

1.  Status of Automatic Discovery and Any Pending Discovery Request

**Government's Position:** On October 21, 2019, the government produced automatic discovery as required under the Local Rules. The discovery delivered to defense counsel consisted of detailed automatic disclosures, proffer letters and reports, and the government made available to defense counsel the remaining discovery documents for review at the United States Attorney's Office. Upon entry of an appropriate protective order in December 2019, the government provided defense counsel with electronic copies of the discovery that had been available for their review since October 2019. The government notes that it does not have access to Docket Numbers 28 and 39 described below, and therefore cannot agree or disagree regarding the designation of this case as a "complex case." Until receipt of Defendants' Position today, the government was not aware that the Court had made any such designation.

**Defendants' Position:** The defendants note that this case has been designated as a complex case. See Defendant Anne Lynch's *Ex Parte* Motion to Appointment Her Counsel Under the Criminal Justice Act requesting the Court to designate this case a "complex case" (Dkt. # 28), and

the Court's allowance of this motion without limitation. See Dkt. # 39 (granting defendant's *Ex Parte* motion). Moreover, defendant Pullman further requests that this case be designated as a complex case under Local Rule 116.1(f), based on the number of witnesses, the volume of discovery, the amount of time needed to prepare for trial, and the judicial resources required.

Specifically, on October 21, 2019, the government produced automatic discovery as required under the Local Rules. This discovery consisted primarily of proffer letters and a few reports. At this time, Mr. Cruz was not representing Mr. Pullman and Mr. Lopez was awaiting a decision on the *Ex Parte* motion to appoint him counsel. On November 4, 2019, the Court granted defendant's Lynch *Ex Parte* motion and appointed Mr. Cruz to represent Mr. Pullman. Over the next month, the parties negotiated a Protective Order concerning the additional discovery that the government would be producing. The Stipulated Discovery Order was entered by the Court on December 13, 2019. See Dkt. # 51. On December 17, 2019, the government produced additional discovery on a 1 TB external hard drive with a Bates Range of USAO-MA-000000001 to USAO-MA-00392564.[1]

Moreover, given the volume of discovery in this matter, counsel for defendant Lynch is working diligently with Michael Andrews on a budget for this matter given the likelihood that this case will require in excess of 300 hours of Attorney Lopez's time.

2.  The Timing of Any Additional Discovery to be Produced

The government will make such further and pre-trial disclosures as are required by law.

---

[1] To put this 392,564 pages of discovery in perspective, the government has recently indicated that the discovery in the recently indicted Latin Kings case will only exceed 100,000 pages. Also, this volume of discovery is greater than the discovery in the MS-13 case.

3. <u>The Timing of Any Additional Discovery Requests</u>

The defendants will determine whether to make any additional discovery requests after they have had an opportunity to review the discovery provided to date.

The government requests that the Court set a deadline for additional discovery requests, and proposes that such requests be made within 60 days of the January 13, 2020 status conference.

4. <u>Protective Orders</u>

A Stipulated Discovery Protective Order was endorsed by the Court on December 13, 2019. <u>See</u> Dkt. # 51.

5. <u>The Timing of Pretrial Motions</u>

Defendants' position is that it is premature to decide whether defendants will file any pretrial motions under Fed. R. Crim. P. 12(b).

The government proposes that the Court schedule a date for any such motions, taking into consideration a reasonable amount of time within which defense counsel shall review discovery.

6. <u>The Timing of Expert Witness Disclosures</u>

The defendants request expert discovery pursuant to Fed. R. Crim. P. 16(a)(1)(G) and the parties request that the Court order that such discovery be produced no later than 60 days prior to trial in this matter, with reciprocal discovery to be produced no later than 30 days before trial.

7. <u>Excludable delay</u>

The parties jointly ask the Court to exclude the time from January 14, 2020 until the date of the next status conference, under 18 U.S.C. § 3161(h)(7)(A), because the parties need the time, and continue to need the time, to produce and review discovery in this case. The ends of justice served by this exclusion outweigh the interests of the public and the defendants in a speedy trial.

8. <u>Next Status Conference</u>

Given the foregoing information, the defendants request that an additional interim status conference be scheduled in approximately 90 days.

The government requests that an interim status conference be scheduled in approximately 60 days.

                                          Respectfully submitted,

                                          ANDREW E. LELLING
                                          United States Attorney

By:    */s/Kristina E. Barclay*
        Kristina E. Barclay
        Neil J. Gallagher, Jr.
        Assistant U.S. Attorneys

Dated: January 8, 2020

DANA A. PULLMAN
By his counsel,

*/s/Oscar Cruz*
Oscar Cruz, Esq.

ANNE M. LYNCH
By her counsel,

*/s/Scott Lopez*
Scott Lopez, Esq.

.