UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 19-cr-10345-DPW |
| ) | |
| DANA A. PULLMAN, and ) | |
| ANNE M. LYNCH, ) | |
| ) | |
| Defendants ) | |

**JOINT MEMORANDUM FOR INTERIM STATUS CONFERENCE**

The parties submit this joint memorandum addressing the issues set out in Local Rule 116.5(b).

1.   Status of Automatic Discovery and Any Pending Discovery Request

On October 21, 2019, the government produced automatic discovery as required under the Local Rules. The discovery delivered to defense counsel consisted of detailed automatic disclosures, proffer letters and reports, and the government made available to defense counsel the remaining discovery documents for review at the United States Attorney's Office. On December 17, 2019, after entry of an appropriate protective order, the government produced additional discovery on a 1 TB external hard drive with a Bates Range of USAO-MA-000000001 to USAO-MA-00392564. On January 29, 2020, the government produced additional discovery, USAO-MA-00392565 to USAO-MA-00395729. On or about August 11, 2020, the government responded to defendants' July 28, 2020 discovery letter, and produced responsive materials in their native format.[1] Defense counsel are in the process of reviewing and organizing the discovery materials most recently provided.

---

[1] Defendants requested the production of certain already-produced materials in native format (as opposed to the loadable format in which the government previously produced the

2. <u>The Timing of Any Additional Discovery to be Produced</u>

The government will make such further and pre-trial disclosures as are required by law.

3. <u>The Timing of Any Additional Discovery Requests</u>

It is the government's position that the materials provided on August 11, 2020 are almost entirely duplicative of its prior productions, and therefore a further date for discovery requests is not necessary.

It is the defendants' position that the discovery materials produced on August 11, 2020 needs to be organized and reviewed via utilization of a particular software platform now that the discovery has been produced in its native format. Specifically, defense counsel needs to review and organize the 40,000 files recently produced in its native format, which may encompass more than 382,000 unique files, to confirm whether its request for discovery in its native format has been fulfilled. Moreover, defense counsel's ability to review and organize remotely the discovery previously produced during the COVID-19 pandemic has been technologically challenging. In addition, due to pandemic related concerns, the defense has been unable to conduct normal investigation activities that more often than not lead to discovery related inquiries. Thus, defense counsel reserve the right to make additional discovery requests as their work progresses but in any event by no later than November 1, 2020.

4. <u>Protective Orders</u>

A Stipulated Discovery Protective Order was endorsed by the Court on December 13, 2019. <u>See</u> Dkt. # 51.

---

materials), and the government produced all responsive materials in its possession, custody or control.

5. <u>The Timing of Pretrial Motions</u>

The parties agree that any dispositive, non-evidentiary, pretrial motions shall be filed on or before November 1, 2020.

6. <u>The Timing of Expert Witness Disclosures</u>

The defendants request expert discovery pursuant to Fed. R. Crim. P. 16(a)(1)(G) and the parties request that the Court order that such discovery be produced no later than 60 days prior to trial in this matter, with reciprocal discovery to be produced no later than 30 days before trial.

7. <u>Excludable delay</u>

The parties jointly ask the Court to exclude the time from August 25, 2020 until the date of the next status conference, under 18 U.S.C. § 3161(h)(7)(A), because the parties need the time, and continue to need the time, to produce and review discovery in this case. The ends of justice served by this exclusion outweigh the interests of the public and the defendants in a speedy trial.

8. <u>Next Status Conference</u>

Given the foregoing information, the government requests that a final status conference be scheduled in December 2020. The defendants request that an interim status conference be scheduled in December 2020.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:  <u>/s/Kristina E. Barclay</u>
Kristina E. Barclay
Neil J. Gallagher, Jr.
Assistant U.S. Attorneys

Dated: August 19, 2020

DANA A. PULLMAN
By his counsel,

*/s/Oscar Cruz, Jr.*
Oscar Cruz, Jr., Esq.

ANNE M. LYNCH
By her counsel,

*/s/Scott Lopez*
Scott Lopez, Esq.

.

## CERTIFICATE OF SERVICE

    I, Kristina E. Barclay, Assistant United States Attorney, do hereby certify that this document was filed on the above date through the ECF system, which sends copies electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

                                               /s/ Kristina E. Barclay
                                               KRISTINA E. BARCLAY
                                               Assistant U.S. Attorney