UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 19-cr-10345-DPW |
| ) | |
| DANA PULLMAN and ) | |
| ANNE M. LYNCH, ) | |
| Defendants ) | |

DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE UNFAIRLY PREJUDICIAL REFERENCES
_____

Defendants Dana Pullman and Anne M. Lynch ("defendants"), by and through undersigned counsel, moves this Honorable Court, pursuant to Fed. R. Evid. 403 and 404, to prohibit the government and its attorneys from eliciting any testimony or other evidence referring to any individuals allegedly harmed in this case as a "victim."

In support of this motion, defendants state, by and through undersigned counsel, the following:

The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A *et seq.*, requires restitution in the case of conviction for certain crimes. See 18 U.S.C. § 3663A(c)(1)(A)(ii). The MVRA defines "victim" as "a person directly and proximately harmed as a result of the commission of an offense.…" 18 U.S.C. § 3663A(a)(2). Since there can be no "offense" until there has been a conviction, there also can be no "victim" until there has been a conviction. See Hughey v. United States, 495 U.S. 411, 421 (1990)(statute is intended to compensate victims only for losses caused by the conduct underlying the offense of conviction).

Permitting the government to refer to individuals allegedly harmed in this case as "victims" will unfairly prejudice defendants because it conveys to the jury that defendants must have committed an offense because these individuals were allegedly "victimized". Conversely, referring to these individuals as "victims" has absolutely no probative value and permits the jury to infer that these individuals were the victims of a "bad act" by defendants.

Furthermore, if a witness refers to any of these individuals as a "victim", said reference would be an impermissible legal opinion by a lay witness in violation of Fed. R. Evid. 701.

Finally, if the government's attorneys refer to these individuals as victims, said comments would constitute impermissible vouching because it would allow the prosecutor to communicate to the jury that, in his personal opinion, the individuals allegedly harmed in this case were "victimized" by defendants.

WHEREFORE, defendants respectfully request this Honorable Court to prohibit the government from eliciting any testimony or other evidence making any reference to the individuals allegedly harmed in this case as "victims."

<u>REQUEST FOR ORAL ARGUMENT</u>

Defendants believe that oral argument will assist the Court and requests a hearing on this motion pursuant to Local Rule 7.1 (D).

Respectfully submitted,

For the Defendant,
DANA PULLMAN,
By his attorneys,

*/s/ Brendan Kelley*
Brendan Kelley

*/s/ Timothy Watkins*
Timothy Watkins
Federal Defender Office
51 Sleeper St., Fifth Floor
Boston, MA 02210
Tel: 617-223-8061


For the Defendant,
Anne M. Lynch
By her attorneys:


    /s/ Scott P. Lopez
Scott P. Lopez, BBO # 549556
LAWSON & WEITZEN, LLP
88 Black Falcon Ave, Suite 345
Boston, MA 02210
617-439-4990 (tel.)
617-439-3987 (fax)
splopez@lawson-weitzen.com

Dated: August 22, 2022


CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 23, 2022.


    /s/  Scott P. Lopez
Scott P. Lopez

3